IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 16-290-MV |
| | ) | |
| **FAWN LYNNSTAR VIGIL**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' BRIEF IN SUPPORT OF
### ORAL MOTION TO DETAIN PURSUANT TO 18 U.S.C. § 3143

The United States submits the following Brief in Support of the oral motion made before

the Honorable William P. Lynch, United States Magistrate Judge, on March 24, 2016, requesting

defendant Fawn Lynn Vigil be detained pending sentencing pursuant to 18 U.S.C. § 3143.

### BACKGROUND

Just after noon on April 13, 2012, defendant caused a single-vehicle crash in an

automobile occupied by herself and her two daughters. One of her daughters was hospitalized

with serious injuries. Witnesses that arrived shortly after the collision stated Defendant appeared

"hung-over." Defendant admitted to consuming alcohol until 2:00 am the morning of the

collision. Automotive data indicated that defendant was exceeding the speed limit by more than

30 miles per hour.

On January 26, 2016, the United States Attorney's Office for the District of New Mexico

indicted defendant for Child Abuse (Death or Great Bodily Harm) and Child Abuse (No Death or

Great Bodily Harm). At a detention hearing on February 5, 2016, a pre-trial services report

indicated that Defendant failed to appear to court five times since 2013. Furthermore, the

government brought to the court's attention a tribal arrest for a Driving under the Influence (DUI) on December 28, 2014, two traffic violations for driving on a suspended license in the past year and 13 traffic citations in the past decade. After entertaining argument from the parties, the Court released defendant third-party to La Pasada halfway house.

On March 15, 2016, Defendant filed a motion with the Court requesting to be released on her own recognizance. A hearing on the issue was scheduled on the same day as a plea to avoid piecemeal litigation. On March 24, 2016, defendant pled guilty to the felony of Child Abuse (No Death or Great Bodily Harm) and the parties began litigating conditions pending sentencing. The government moved to detain pursuant to 18 U.S.C. § 3143. After hearing initial arguments, the Court agreed to permit the parties to brief the issues.

## APPLICABLE LAW

Upon acceptance of a plea, a court "shall order that a person who has been found guilty of an offense and is awaiting imposition of sentence be detained." 18 U.S.C. § 3143(a)(1) (2016). This general presumption of detention may be rebutted, but the burden is on the defendant to establish release is warranted under subsections (a)(1) or (a)(2). *Id*. § 3143(a). Both subsections require a defendant to establish "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." *Id*. However, if subsection (a)(2) is applied, additional factors must be considered. *Id*. Subsection (a)(2) becomes applicable if a defendant pled to a "crime of violence." *Id*. When applied, (a)(2) directs a court to deny presentence release unless "an attorney for the Government has recommended that no sentence of imprisonment be imposed." *Id*. If release is denied under section 3143, a court may still release defendant "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C.A. § 3145 (2016).

1. **A court must apply 18 U.S.C. § 3143(a)(2) to determine if presentence release is appropriate for a defendant that pled guilty to Child Abuse (No Death or Great Bodily Harm)**

To determine which standard in 3143 to apply, a court must first determine if a defendant pled to a "crime of violence." 18 U.S.C. § 3143(a)(1) (2015). A crime of violence is an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156 (2015). Crimes of violence are "offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Leocal v. Ashcroft*, 543 U.S. 1, 2, (2004). A court must apply a categorical approach in determining whether a specific crime meets this definition by reviewing the applicable laws. *United States v. Rogers*, 371 F.3d 1225, 1225 (10th Cir. 2004).

The assimilated New Mexico felony of Child Abuse (No Death or Great Bodily Harm) is a crime of violence. To apply the categorical approach, a court must review the elements of the charge at issue. *Id.* The uniform jury instruction for the assimilated charge of Child Abuse (No Death or Great Bodily Harm) requires the government prove defendant "showed a reckless disregard for the safety or health of the victim." N.M. R. C.R. U.J.I. 14-612 (2015). This disregard must have created a "substantial and unjustifiable risk of serious harm to the safety" of the victim. *Id.* These elements of risk and disregard track the statutory language of 18 U.S.C. 3156 (2015).

Appellate court interpretations of 18 U.S.C. § 3156 (2015) support a finding that Child Abuse (No Death or Great Bodily Harm) is a crime of violence. The term "crime of violence" is widely used throughout the U.S. Code and has multiple definitions. *See* 18 U.S.C. § 16 (2016),

18 U.S.C. § 924(c)(3)(B) (2016). Because the statutory definitions differ, court interpretations are often persuasive rather than controlling. Admittedly, no express authority exists holding Child Abuse (No Death or Great Bodily Harm) to be a crime of violence. However, courts have found other felonies without traditional force elements to be "crimes of violence." *See United States v. Marzullo*, 780 F. Supp. 658 (W.D. Mo. 1991) (Finding arson is a crime of violence.); *United States v. Rivera-Oros*, 590 F.3d 1123 (10th Cir. 2009) (Finding burglary is a crime of violence.); *United States v. Rogers*, 371 F.3d 1225, 1232 (10th Cir. 2004) (Finding possession of a firearm while subject to protection order is a crime of violence.). Crimes with mens rea of negligence or strict liability are commonly excluded from the definitions. *See Begay v. United States*, 553 U.S. 137 (2008) (Finding DUI is not a crime of violence.). Generally crimes of violence require a "higher degree of intent than negligent or merely accidental conduct." *Id.*, at 145. As noted by the Tenth Circuit in drawing a distinction between reckless and negligent conduct, "it is possible that another DWI statute, one which required sufficiently reckless driving, might proscribe conduct with a sufficient nexus to the force unleashed in an accident to make it a crime of violence." *United States v. Lucio-Lucio*, 347 F.3d 1202, 1208 (10th Cir. 2003).

The definition of "crime of violence" in section 3156 is not unconstitutionally vague. The Supreme Court recently found that the residual definition of "crime of violence" in the Armed Career Criminal Act was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, this definition is distinct from that in 3156. *See* 18 U.S.C. § 924(e)(2)(B) (2016). In fact, the definition of "crime of violence" in 3156 is more akin to the definition in 18 § 924(c)(3)(B) (2016). Even in the wake of Johnson, that definition has been found to be constitutional by courts in the 4th, 6th, 7th, 8th and 10th Circuits. *See United States v. McDaniels*,

No. 1:15-CR-171, 2015 WL 7455539 (E.D. Va. Nov. 23, 2015), *United States v. Checora*, No. 2:14CR457DAK, 2015 WL 9305672, at *9 (D. Utah Dec. 21, 2015). The Court in *Checora* reasoned 924(c)(3)(B) was distinct because it "(i) is not preceded by four enumerated offenses that create 'uncertainty about how much risk it takes for a crime to qualify as a violent felony,' (ii) has not created significant disagreement among lower courts, and (iii) has not been subject to several failed attempts by the Supreme Court to construe the clause in a 'principled and objective' manner." *Id*.

### 2. A court must find exceptional circumstances to warrant release if defendant has not met their burden under 18 U.S.C. § 3143.

A defendant bears the "burden of proof to clearly show exceptional circumstances" when seeking release pursuant to 18 U.S.C. § 3145(c). *United States v. Rodella*, 101 F. Supp. 3d 1075, 1133 (D.N.M. 2015) (Browning, J.) (citing 18 U.S.C. § 3145(c) and *United States v. Bonczek*, No. CR 08-0361 PAC, 2009 WL 2924220, at *2 (S.D.N.Y. Sept. 8, 2009)). In determining what constitutes exceptional reasons under section 3145(c), courts have closely analyzed what has been referred to as the "only useful historical document" on this question—a letter from the Justice Department to Senator Paul Simon, a sponsor of the provision—which "propos[ed] the 'exceptional reasons' provision and suggest[ed] two hypothetical situations where it might apply." *See United States v. DiSomma*, 951 F.2d 494, 497-98 (2d Cir. 1991) (citing Letter from Assistant Attorney General Carol T. Crawford to Honorable Paul Simon (July 26, 1989) ("Crawford Letter")); *accord United States v. Garcia*, 340 F.3d 1013, 1016-17 (9th Cir. 2003) (same). The two situations provided in the Crawford Letter were:

> [F]irst, an elderly man with lifelong community ties, [who was] convicted under the federal murder statute of the mercy killing of his wife, challenges the applicability of that statute to mercy killings, a question of first impression in the circuit. The second example posited a seriously wounded drug dealer whose appeal

raised a novel search and seizure issue which could change the
outcome of his trial.

*See DiSomma*, 951 F.2d at 497-98.

The Crawford Letter is set forth in full in the *Garcia* decision. *Garcia*, 340 F.3d at 1017, n.4. The Crawford Letter suggested "that exceptional reasons exist where, due to a truly unusual circumstance or combination of circumstances, it would be unreasonable, despite the general policy favoring incarceration contained in section 3145(c), to order a particular defendant to be incarcerated pending [sentencing or] appeal." *Id.* at 1017; *see also DiSomma*, 951 F.2d at 497 (noting that the Crawford Letter described release under section 3145(c) in circumstances that are "out of the ordinary").

Case law interpreting section 3145(c)'s release provision has generally adhered to the principles forwarded in the Crawford Letter. To establish "exceptional reasons" for section 3145(c) purposes, "a unique combination of circumstances giving rise to situations that are out of the ordinary" must exist. *See United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008) (unpublished). Indeed, the Tenth Circuit has underscored the plain language meaning of the term "exceptional" as 'being out of the ordinary: uncommon, rare.'" *Id.* (quoting Webster's Third New Int'l Dictionary (Unabridged) 791 (G. & C. Merriam Co. 1976)).

Courts also generally agree that "a case by case evaluation is essential," *Wages*, 271 F. App'x at 727, and that the district court is vested with "broad discretion . . . to consider all the particular circumstances of the case before it." *Garcia*, 340 F.3d at 1016-17; *DiSomma*, 951 F.2d at 497. As one district court aptly noted: "The Tenth Circuit . . . refrains from placing contours around the outer limits of the circumstances that may constitute 'exceptional reasons,' while finding that particular circumstances fail to meet that exception." *See United States v. Westover*, 2003 WL 22953091, at *1 (D. Kan. Nov. 13, 2003).

Due to the factual examination this inquiry warrants, evaluating what other courts have found—or, in this case, not found—"exceptional" under 18 U.S.C. § 3145(c) is informative. Courts have found that the following circumstances did *not* constitute section 3145(c) exceptional reasons:

- The defendant's health, nature of the underlying crime, status as a former law enforcement officer, and the defendant's family situation are insufficient. *See Rodella*, 101 F. Supp. 3d at 1130-37.

- Lack of criminal history, effect of detention on family, the defendant's good reputation, the defendant's suffering during the years the charges were pending, and the length of the term of imprisonment are insufficient. *See United States v. Ganadonegro*, 2012 WL 1132166, at *5-6 (D.N.M. March 14, 2012) (Browning, J.).

- The government's stipulation is insufficient. *See In re Sealed Case*, 242 F. Supp. 2d 489, 495-96 (E.D. Mich. 2003) (dicta).

- Lack of criminal history, being a student, and being employed, either separately or in combination, are insufficient. *See United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004).

- Lack of criminal history, complying with pretrial release conditions, paying child support, and maintaining employment, either separately or in combination, are insufficient. *See United States v. Larue*, 478 F. 3d. 924, 925 (8th Cir. 2008) (per curiam); *see also United States v. Little*, 485 F.3d 1210, 1210-11 (8th Cir. 2007) (stating full compliance with pretrial release conditions and timely appearance at all court proceedings not exceptional reasons); *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) (finding successful completion of substance abuse program not

exceptional reason); *United States v. Green*, 250 F. Supp. 2d 1145, 1150-51 (E.D. Mo. 2003) (same).

- Lack of criminal history, age (53), use of a wheelchair and need for a special mattress to avoid pain, limited ability to hear making it difficult for the defendant to communicate, and need to care for elderly mother, either separately or in combination, are insufficient: *See Wages*, 271 F. App'x at 727; *see also United States v. Wright*, 2009 WL 87604, at *3 (D. Utah Jan. 12, 2009) (holding family members' need for care due to age or infirmity not exceptional reason); *United States v. Mellies*, 496 F. Supp. 2d 930, 937 (M.D. Tenn. 2007) (same).

- Lack of potential danger to the community is insufficient.  *See United States v. Koon*, 6 F.3d 561, 564 (9th Cir. 1993) (Rymer, J., concurring in order denying petition for rehearing en banc) (ruling danger to the community is a predicate condition of section 3143(a)(1), and thus it does not establish an "exceptional reason" absent some other factor making it extraordinary).

- Health conditions are rarely sufficient. *See Wages*, 271 F. App'x at 727; *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) (finding treatment for depression not exceptional); *Mellies*, 496 F. Supp. 2d at 936-37 (finding ongoing extensive dental treatment not exceptional); *United States v. Lieberman*, 496 F. Supp. 2d 584 (E.D. Pa. 2007) (holding availability of experimental treatment in China for paralysis resulting from being shot by cohort during robbery not exceptional).

- Nature of offense of conviction is insufficient even where it might subject the defendant to violence if detained in a local jail while awaiting assignment to a federal correctional institution. *See Brown*, 368 F.3d at 993 (defendant convicted of receiving child

pornography); *Koon*, 6 F.3d at 563 (holding that even though defendants were law enforcement officers convicted of violating another's civil rights under 18 U.S.C. § 242, "Congress created no law enforcement official exception to mandatory detention").

- Voluntarily giving incriminating statements and consenting to the seizure of personal computer are insufficient. *See United States v. Little*, 485 F.3d 1210, 1210-11 (8th Cir. 2007).

- Release of co-defendants is insufficient. *See United States v. Verbickas*, 75 F. App'x 705, 706 (10th Cir. 2003) (unpublished) ("Whether the court erred in the release of other defendants does not [constitute an exceptional reason] . . . for release of these defendants[.]").

- Family member's offers to house and/or supervise a defendant are insufficient. *See Wright*, 2009 WL 87604, at *3. Inconvenience to the United States Marshals Service in transporting defendant to/from court hearings is insufficient. *See United States v. Mostrom*, 11 F.3d 93, 94 (8th Cir. 1993).

## <u>ANALYSIS</u>

Defendant has not met her burden to warrant presentence release. Defendant pled to a crime of violence. Therefore, the Court may only release her if "an attorney for the Government has recommended that no sentence of imprisonment be imposed." 18 U.S.C. § 3143(a)(2) (2016). As that is not the case in this matter, the court lacks authority under 3143(a)(2) to release Defendant presentence. Even had the government made the recommendation or had subsection (a)(2) been inapplicable, the Court would still be required to analyze Defendant's flight and safety risks. *See* 18 U.S.C. §§ 3143(a)(1) and 3143(a)(2). The burden remains with the

Defendant to establish by clear and convincing evidence the absence of risk. *United States v. Ross*, 730 F. Supp. 355, 356 (D. Kan. 1990).

Defendant is a flight and community safety risk. Not only has defendant not met her burden to establish she is not a risk, evidence to the contrary exists. Defendant has failed to appear to court five times in the past three years and is facing up to three years in prison, indicating she is a flight risk. Furthermore, the serious injuries caused by her conduct in the current case coupled with her continued traffic violations and alcohol abuse indicates she is a threat to the community.

Defendant has not established exceptional circumstances warranting presentence release. The government is unaware of any circumstances claimed by Defendant to warrant presentence release. Although defendant has minimal criminal history and has been compliant with her conditions of release, "lack of criminal history, complying with pretrial release conditions, paying child support, and maintaining employment, either separately or in combination, are insufficient." *United States v. Larue*, 478 F. 3d. 924, 925 (8th Cir. 2008) (per curiam).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court detain Defendant presentence.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney


_____/s/  Filed electronically_____
JOSEPH SPINDLE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to opposing counsel of record.

_Filed Electronically_
JOSEPH SPINDLE
Assistant United States Attorney